**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| GFP ENTERPRISES LLC *a.k.a* GFP RESPONSE LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:24-cv-04517 |
| GARNER ENVIRONMENTAL SERVICES, INC., | § | |
| *Defendant*. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GARNER ENVIRONMENTAL SERVICES, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**MCDERMOTT WILL & EMERY LLP**

David Genender
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
(214) 295 8000

Jordan Kazlow
845 Texas Avenue, Suite 4000
Houston, TX 77002-1656
(713) 653-1700

Andrew B. Kratenstein (admitted *pro hac vice*)
Alexandra Nasar (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
(212) 547-5400

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....... 1

BACKGROUND ....... 2

ARGUMENT ....... 4

I. DISCOVERY MAY BE STAYED IN WHOLE OR IN PART DURING THE PENDENCY OF A MOTION TO DISMISS TO PREVENT UNNECESSARY DISCOVERY ....... 4

II. GARNER'S MOTION TO DISMISS GFP'S TORT CLAIMS IS STRONG ....... 5

III. DISCOVERY CONCERNING GFP'S BASELESS TORT CLAIMS WILL BE BROAD AND LIKELY INCLUDE DISCOVERY OF OVER 20 NON-PARTIES ....... 6

IV. A STAY OF DISCOVERY WILL NOT PREJUDICE GFP ....... 8

CONCLUSION ....... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Conquest v. Camber Corp.*,
No. 5:13-CV-1108-DAE, 2014 WL 172500 (W.D. Tex. Jan. 13, 2014)....................4, 5, 7, 8

*Corwin v. Marney, Orton Investments*,
843 F.2d 194 (5th Cir. 1988) ....................6

*Fujita v. United States*,
416 F. App'x 400 (5th Cir. 2011) ....................4

*United States ex rel. Grubbs v. Kanneganti*,
565 F.3d 180 (5th Cir. 2009) ....................1, 6

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
901 F.2d 404 (5th Cir. 1990) ....................4, 7

*Lowe v. Wellcare Health Plans, Inc.*,
No. 3:11-CV-0009-L, 2011 WL 5869757 (N.D. Tex. Nov. 21, 2011)....................5

*Mcpeters v. Lexisnexis*,
No. 4-11-CV-02056, 2011 WL 13253446 (S.D. Tex. Oct. 5, 2011) ....................4, 6, 7, 8

*Nguyen v. BP Expl. & Prod., Inc.*,
No. CIV.A. H-10-2484, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010) ....................4

*Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*,
No. H-08-CV-0857, 2008 WL 8465061 (S.D. Tex. Aug. 11, 2008) ....................4, 8

*Sapp v. Mem'l Hermann Healthcare Sys.*,
406 F. App'x 866 (5th Cir. 2010) ....................6

*Von Drake v. Nat'l Broad. Co.*,
No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) ....................5

**Other Authorities**

Fed. R. Civ. P. 9(b) ....................1, 5, 6

Fed. R. Civ. P. 26(c) ....................4, 7

## PRELIMINARY STATEMENT

Defendant Garner Environmental Services, Inc. ("Garner") has moved to dismiss the tort claims asserted by Plaintiff GFP Enterprises LLC a.k.a. GFP Response LLC ("GFP") in its Second Amended Complaint ("SAC"). (ECF. Nos. 74-76.) This Court should exercise its discretion and stay discovery as to the tort claims until the Court has ruled on that motion to avoid the burden and expense of unnecessary discovery on those claims, including discovery of over 20 non-parties.

As Garner detailed in its motion to dismiss, GFP's tortious interference and fraud claims fail for multiple reasons. Among other things, the SAC does not identify: (1) any specific contract with any vendor that was breached due to Garner's alleged interference; (2) what agreements or transactions, if any, GFP would have completed with the so-called "vendors" but for Garner's alleged interference; (3) that Garner made any knowingly or recklessly false representation, engaged in any independently tortious behavior, or that any interference was more than incidental; or (4) any damages caused by such behavior that is not also claimed in GFP's breach of contract claim. GFP also fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), which, as the Fifth Circuit has stated, serves as a "gatekeeper to discovery" to prevent access to burdensome discovery on the shoulders of tenuous and deficient allegations, such as the ones here. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009).

Allowing GFP to take discovery on these baseless tort claims will substantially increase the burden and expense of discovery in this case. These claims implicate GFP's and Garner's business relationships concerning all the work done on the Floyd Bennett Field and Randall's Island Asylum Seeker Facilities (the "Facilities"), sweeping in not only the parties' performance of their contracts, but the parties' business relationships with the City of New York (the "City")

and 21 vendors whose contacts and/or prospective business relations with GFP were allegedly interfered with by Garner. Allowing discovery of the tort claims will thus not only entail substantial burden and expense for the parties, but also for these non-parties.

Balanced against those discovery burdens is the absence of any prejudice to GFP from a limited discovery stay. To the contrary, such a stay would promote efficiency and fairness by permitting the Court to rule on issues dispositive to the tort claims, which may obviate the need for discovery beyond GFP's much narrower breach of contract allegations – about which the parties should need discovery concerning only the negotiation and performance of those contracts. Accordingly, the Court should stay discovery on GFP's tort claims until it rules on Garner's motion to dismiss.

## BACKGROUND

GFP filed this action on August 9, 2024, in the United States District Court for the Southern District of New York. GFP claimed that Garner breached the parties' agreements, tortiously interfered with GFP's prospective economic relations with 21 vendors, was unjustly enriched, and sought a declaration that the forum selection clause in the parties' Master Services Agreement ("MSA") was unenforceable. (ECF No. 1, ¶¶ 120-59.) GFP also sued two vendors, Rentals to Go and DJ Doctor LLC d/b/a iRent Everything, for tortious interference and named the City as a "nominal defendant." (*Id.* ¶¶ 120-27, 160-69.)

All defendants filed pre-motion letters seeking permission to move to dismiss. (ECF Nos. 27-29.) On October 16, 2024, Judge Gregory H. Woods held a pre-motion conference on the defendants' proposed motions. At the conclusion of the conference, Judge Woods stated that Garner and the other defendants "have made some substantial arguments, which if successful would result in the dismissal of claims against three of the four defendants here, and which if

successful would result in the litigation of [the] breach of contract claim [against Garner], at the very least, in a forum other than this court" and that "[t]he defendants have made a strong showing that they have meritorious arguments with respect to each of those issues." (ECF No. 43 at 37:15-23.) Judge Woods also invited the City of New York to serve a "safe harbor letter under Rule 11 with respect to [the] claims against the city." (*Id.* at 32:4-5.) Judge Woods subsequently ordered defendants to file their motions to dismiss on November 18, 2024. (ECF No. 42.)

GFP responded by voluntarily dismissing the other defendants from the case (ECF Nos. 45-47) and moving to transfer to venue to this Court (ECF Nos. 49-50). Garner consented and the case was transferred on November 13, 2024. (ECF Nos. 54-55.) On December 31, 2024, GFP filed the SAC. (ECF No. 73.) In addition to alleging breach of contract, the SAC asserts claims for tortious interference with both prospective business relations and existing contracts and for fraud. (*Id.* ¶¶ 108-49.) The tort claims are based on Garner's alleged effort to "cut GFP out of the Asylum Seeker Facilities" by obtaining GFP's allegedly confidential pricing information and then contracting directly with certain vendors. (*Id.* ¶¶ 95-101, 108-22, 143-49.)

On January 31, 2025, Garner moved to dismiss the tort claims, detailing why they fail as a matter of law. (ECF Nos. 74-76.) For the reasons set forth below, Garner now seeks a stay of discovery as to those claims.

## ARGUMENT

### I. DISCOVERY MAY BE STAYED IN WHOLE OR IN PART DURING THE PENDENCY OF A MOTION TO DISMISS TO PREVENT UNNECESSARY DISCOVERY

The Court may grant a stay to prevent unnecessary discovery during the pendency of a motion to dismiss. *Mcpeters v. Lexisnexis*, No. 4-11-CV-02056, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011) (Ellison, K.) (citing Fed. Civ. P. 26(c); *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) ("The district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (internal quotations and citation omitted); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, No. H-08-CV-0857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (staying discovery "given the burden to Defendant of reviewing the documents and because Plaintiff has not demonstrated any need for the documents prior to this Court's ruling on the pending Motion")).

A court properly exercises its discretion to stay discovery upon a showing of "good cause." *Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014); *see also* Fed. R. Civ. P. 26(c). "[T]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Mcpeters*, 2011 WL 13253446, at *1 (internal quotations and citations omitted.) In determining whether good cause exists to stay discovery, courts assess: (1) the strength of the dispositive motion filed by the party seeking a stay; (2) the breadth of discovery sought and the burden of responding to such discovery; and (3) the potential prejudice to the nonmoving party. *See Mcpeters*, 2011 WL 13253446, at *1; *Nguyen v. BP Expl. & Prod., Inc.*, No. CIV.A. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex.

Aug. 9, 2010); *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). All three factors weigh in favor of a stay of discovery here.

## II. GARNER'S MOTION TO DISMISS GFP'S TORT CLAIMS IS STRONG

As explained in Garner's motion to dismiss, GFP's allegations regarding its tortious interference and fraud claims are conclusory, and the few details that GFP alleges against Garner are woefully inadequate to state a claim under Rule 12(b)(6), as well as the more stringent Rule 9(b) as to the fraud claim. Dismissal of those claims would eliminate the need for any discovery as to them. *See Conquest*, 2014 WL 172500, at *1 (staying discovery and stating that "[w]ithout commenting on the merits of Defendant's jurisdictional arguments in its Motion to Dismiss, the Court notes that if it did grant Defendant's Motion, the need for discovery would be eliminated"); *see also Lowe v. Wellcare Health Plans, Inc.*, No. 3:11-CV-0009-L, 2011 WL 5869757, at *1-2 (N.D. Tex. Nov. 21, 2011) (staying discovery).

The SAC fails to allege the necessary elements of both tortious interference claims. As to the tortious interference with prospective business relations claim, the SAC fails to allege: (1) whether and how GFP had a reasonable probability of entering certain relationships or transactions with third parties; (2) whether and how Garner knew of any of these relationships; (3) that Garner's alleged interference was intentional or malicious; (4) that Garner engaged in independently tortious conduct; (5) what agreements or transactions, if any, GFP would have completed with each vendor but for Garner's alleged interference; (6) and thus what, if any, harm GFP actually incurred. (ECF No. 75 at 8-14.) GFP's tortious interference with existing contracts claim also fails because the SAC does not allege: (1) the existence of any specific contract with a third party subject to interference; (2) whether and how Garner knew of said contracts; (3) what contracts, if any, were breached as a direct result of the alleged interference; (4) and what, if any,

harm GFP actually incurred. (*Id.* at 15-19.) The tortious interference claims are also impermissibly duplicative of GFP's breach of contract claims. (*Id.* at 14-15.)

As to GFP's fraud claim, a well-pled complaint complying with Rule 9(b) is "required for a ticket to the federal discovery apparatus." *United States ex rel. Grubbs*, 565 F.3d at 190. The Fifth Circuit has held that Rule 9(b) serves as a "gatekeeper to discovery" to prevent plaintiffs from filing suit on speculation in the hopes of uncovering facts to support their theories through a "fishing expedition." *Id.* at 185, 191. As Garner detailed in its motion to dismiss, GFP's fraud claim fails to meet the heightened pleading requirements of Rule 9(b), including because the SAC fails to plausibly allege that certain representations Garner allegedly made upon requesting GFP's pricing information were made knowingly or recklessly falsely, and the SAC also fails to plausibly allege injury. (ECF No. 75 at 19-23.) GFP should not be permitted to sidestep Rule 9(b) and obtain access to discovery during the pendency of the motion.

## III. DISCOVERY CONCERNING GFP'S BASELESS TORT CLAIMS WILL BE BROAD AND LIKELY INCLUDE DISCOVERY OF OVER 20 NON-PARTIES

Dismissal GFP's tort claims will also appropriately and significantly limit the scope of the case and the concomitant burden and expense of discovery. The Fifth Circuit and this Court have found discovery stays proper in circumstances like these, where a dispositive motion may eliminate the need for discovery on one or more issues. *See, e.g.*, *Mcpeters*, 2011 WL 13253446, at *1-2; *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (affirming stay of discovery pending resolution of dispositive motion, noting that "it would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits") (internal quotations and citation omitted); *see also Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988) ("It would be wasteful to allow discovery on all issues raised in a broad complaint when . . . the case will not reach trial.").

Good cause for a stay of discovery exists when a party "would suffer annoyance, embarrassment, oppression or undue burden or expense absent a stay." *Conquest*, 2014 WL 172500, at *1 (internal quotations and citation omitted)); *see also* Fed. R. Civ. P. 26(c). When determining whether staying discovery is appropriate, a court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Conquest*, 2014 WL 172500, at *1 (internal quotations and citation omitted). The balance of those considerations here warrants a limited discovery stay.

As in *Mcpeters,* in this case, "the breadth and burden of discovery are substantial." 2011 WL 13253446, at *1. GFP's tortious interference and fraud claims implicate all the work done on the Facilities. These expansive allegations concern not only the parties but also the City and numerous non-party witnesses, including 21 vendors and several former Garner employees. Thus, discovery regarding the parties' alleged contractual and/or business relationships with each of these vendors – along with communications between GFP, Garner, each vendor, and the City – will presumably be sought in connection with GFP's tort claims.

By contrast, if this case is limited (as it should be) to GFP's breach of contract claims, then the only discovery that should be required will concern those contracts, the services rendered pursuant to them, and any amounts allegedly due that have not been paid. This much narrower scope of discovery will impose far lesser burdens on the parties while also avoiding discovery of the vendors and the City. *See Mcpeters*, 2011 WL 13253446, at *1 ("By staying discovery, the Court will relieve Defendant of a significant burden."); *Landry,* 901 F.2d at 436 (affirming stay of discovery pending resolution of dispositive motion where "the discovery sought would be unduly burdensome and expensive," and noting that "[d]iscovery is not justified when cost and inconvenience will be its sole result.").

No judicial or party resources will be wasted while the parties await resolution of the motion to dismiss. While the stay is in place, the parties will take discovery on GFP's contract claims. The Court should therefore stay discovery to save time and resources while it determines whether GFP's causes of action sounding in tort state a viable claim – which they do not. Thus, resolving the threshold issue of whether GFP's tortious interference and fraud claims suffice under Rules 12(b)(6) and 9(b) before discovery commences will significantly focus the case and avoid undue burden and expense.

**IV. A STAY OF DISCOVERY WILL NOT PREJUDICE GFP**

Finally, a stay of discovery would not prejudice GFP. Garner does not request a stay of discovery as to GFP's breach of contract claims and only seeks a brief stay of discovery as to GFP's tort claims while the Court considers Garner's motion to dismiss. If the Court allows any or all of GFP's tort claims to proceed, GFP will have ample time to conduct discovery on them.

Further, discovery will not assist GFP with responding to Garner's motion to dismiss, which will be fully briefed by the initial scheduling conference. *See Mcpeters*, 2011 WL 13253446, at *1 (holding that, because discovery would not assist the plaintiff in responding to the 12(b)(6) motion, the stay would not be unduly prejudicial); *see also Rio Grande Royalty Co.*, 2008 WL 8465061, at *1 (staying discovery "given the burden to Defendant of reviewing the documents and because Plaintiff has not demonstrated any need for the documents prior to this Court's ruling on the pending Motion."); *Conquest*, 2014 WL 172500, at *1 (finding temporary stay of discovery appropriate after "balancing the meager harm produced by such a temporary stay at the outset of this case against the possibility that Defendant's Motion to Dismiss will be granted and entirely eliminate the need for such discovery"). Considerations of efficiency and fairness thus favor a stay, which would allow the Court to determine whether GFP

has met its threshold pleading obligations on its tort claims before the Court permits far-reaching, time-consuming, and expensive discovery of over 20 non-parties, including the City (whose taxpayers foot the bill) to proceed.

The lack of prejudice to GFP, along with the unnecessary burden and expense that premature discovery would impose, all weigh heavily in favor of a limited discovery stay.

**CONCLUSION**

For the foregoing reasons, Garner respectfully requests that the Court grant its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss GFP's SAC.

Dated: New York, New York
February 7, 2025

**MCDERMOTT WILL & EMERY LLP**

/s/ *David Genender*

David Genender
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
(214) 295 8000

Jordan Kazlow
845 Texas Avenue, Suite 4000
Houston, TX 77002-1656
(713) 653-1700

Andrew B. Kratenstein (admitted *pro hac vice*)
Alexandra Nasar (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
(212) 547-5400

*Attorneys for Garner Environmental Services, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via ECF on February 7, 2025.

/s/ *David Genender*
David Genender